IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-HC-2210-D

| | | |
|---|---|---|
| MICHAEL J. TROTMAN, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ROBERT G. JONES, | ) | |
| | ) | |
| Respondent. | ) | |

Michael J. Trotman, a state inmate, petitions the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [D.E. 1]. On June 22, 2011, in response to a court order, Trotman amended his petition to name the correct party respondent [D.E. 3].[1] On August 5, 2011, respondent answered the petition [D.E. 6] and filed a motion for summary judgment [D.E. 7]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Trotman about the motion for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 9]. Despite obtaining an extension of time to do so [D.E. 10–11], Trotman did not file any response in opposition to the motion, and the time within which to do so has expired. As explained below, respondent's motion for summary judgment [D.E. 7] is granted.

I.

On August 11, 2009, in the Superior Court for Pasquotank County, Trotman pleaded guilty to statutory rape of a person who is thirteen to fifteen years of age. Pet. 1; Mot. Summ. J., Ex. 1 3–4,

---

[1] When Trotman amended his petition to provide the correct party respondent, he did not refile the attachments to his original petition. Thus, the court considers the original petition with attachments.

7–10 (criminal judgment and plea transcript form). The court sentenced Trotman to a term of imprisonment of 230 to 285 months. Id. At his plea hearing, Trotman was represented by counsel. Pet. 14; Mot. Summ. J., Ex. 1. Trotman did not appeal. Pet. 2. On May 13, 2010, in the Superior Court for Pasquotank County, Trotman filed a motion for appropriate relief ("MAR"), which was denied on May 20, 2010. Pet. 3 & Exs. 11–17 (copies of MAR and order); Mot. Summ. J., Ex. 3 (copy of order). On June 17, 2010, Trotman petitioned North Carolina Court of Appeals for a writ of certiorari; the court denied Trotman's petition on July 9, 2010. Pet. 3 & Exs. 4–7 (copy of petition); Mot. Summ. J., Ex. 2 (copy of order).

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis removed) (quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

A federal court cannot grant habeas relief in cases where a state court considered a claim on its merits unless (1) the state-court decision was contrary to, or involved an unreasonable application

2

of, clearly established federal law as determined by the Supreme Court of the United States, or (2) the state-court decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). A state court decision is "contrary to" Supreme Court precedent if it either "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to the Supreme Court's result. Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision involves an "unreasonable application" of Supreme Court precedent "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407; see Hardy v. Cross, 132 S. Ct. 490, 493–94 (2011) (per curiam); Bobby v. Dixon, 132 S. Ct. 26, 29–31 (2011) (per curiam); Cavazos v. Smith, 132 S. Ct. 2, 4–8 (2011) (per curiam); Renico v. Lett, 130 S. Ct. 1855, 1862 (2010).

> [Section 2254(d)] does not require that a state court cite to federal law in order for a federal court to determine whether the state court decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000) (en banc). Moreover, a state court's factual determination is presumed to be correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010).

Congress intended the AEDPA standard to be difficult to meet. Harrington v. Richter, 131 S. Ct. 770, 786 (2011). "Section 2254(d) is part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Id. at 787. In order to prevail in an action brought under section 2254(d), a

3

of, clearly established federal law as determined by the Supreme Court of the United States, or (2) the state-court decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). A state court decision is "contrary to" Supreme Court precedent if it either "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to the Supreme Court's result. Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision involves an "unreasonable application" of Supreme Court precedent "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407; see Hardy v. Cross, 132 S. Ct. 490, 493–94 (2011) (per curiam); Bobby v. Dixon, 132 S. Ct. 26, 29–31 (2011) (per curiam); Cavazos v. Smith, 132 S. Ct. 2, 4–8 (2011) (per curiam); Renico v. Lett, 130 S. Ct. 1855, 1862 (2010).

> [Section 2254(d)] does not require that a state court cite to federal law in order for a federal court to determine whether the state court decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000) (en banc). Moreover, a state court's factual determination is presumed to be correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010).

Congress intended the AEDPA standard to be difficult to meet. Harrington v. Richter, 131 S. Ct. 770, 786 (2011). "Section 2254(d) is part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Id. at 787. In order to prevail in an action brought under section 2254(d), a

petitioner must show that "there was no reasonable basis to deny relief." Id. at 784; DeCastro v. Branker, 642 F.3d 442, 449 (4th Cir. 2011), cert. denied, No. 11-6640, 2011 WL 4528510 (U.S. Dec. 5, 2011).

Trotman claims ineffective assistance of counsel, based on counsel's "failing in an investigative review of the elements of the defendant's crime and then failing to seek that the defendant be properly charged . . . which . . . raise[s] a question of counsel's performance and competence." Pet. 7. Trotman appears to argue that because the victim was not between the ages of thirteen and fifteen at the time of the offense and was his stepdaughter, Trotman should have been charged under a different criminal statute. Id. 7–8. Trotman raised this claim in his MAR, and the MAR court summarily denied it. Pet. 3, Exs. 11.

The Sixth Amendment right to counsel includes the right to the effective assistance of counsel at trial and on direct appeal. See Bobby v. Van Hook, 130 S. Ct. 13, 16 (2009) (per curiam); Strickland v. Washington, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of trial counsel, a habeas petitioner must establish two things. First, a petitioner must show that the counsel's performance was deficient in that it was objectively unreasonable under prevailing professional norms. See Van Hook, 130 S. Ct. at 16; Strickland, 466 U.S. at 687–91. In considering this element, a court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.; Gray v. Branker, 529 F.3d 220, 228–29 (4th Cir. 2008). Second, a petitioner must show there is a reasonable probability that, but for the deficiency, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694.

4

Where, as here, the petitioner entered a guilty plea, "in order to satisfy the 'prejudice' requirement, the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). "Moreover, to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010) (citing Roe v. Flores–Ortega, 528 U.S. 470, 480, 486 (2000)). The court must also make an objective assessment of "the likely outcome of a trial had the defendant not pleaded guilty." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007).

The United States Supreme Court has instructed courts not to lightly disregard sworn statements in a plea hearing:

> the representations of the defendant, his lawyer, and the prosecutor at [a guilty plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 73–74 (1977).

Here, respondent has presented uncontroverted evidence that Trotman knowingly and voluntarily entered his guilty plea, that he understood the elements of the crime to which he pled guilty, and that he and his attorney had thoroughly considered the matter. Mot. Summ. J., Ex. 1 at 7–10 (plea transcript form). Trotman has offered nothing to show that the outcome of a trial would have been materially different, nor has he shown that the MAR court's ruling on this issue reached a result contrary to, or involved an unreasonable application of, clearly established federal law. See Padilla, 130 S. Ct. at 1485 (2010); Hill, 474 U.S. at 59 (1985); Blackledge, 431 U.S. at 73–74;

Meyer, 506 F.3d at 369. Likewise, the state court's ruling was not based on an unreasonable determination of facts, in light of the evidence presented in the state-court proceeding. See 28 U.S.C. § 2254(d)–(e). Thus, this claim fails.

II.

In sum, the court GRANTS respondent's motion for summary judgment [D.E. 7], and DISMISSES Trotman's application for a writ of habeas corpus [D.E. 1, 3]. The court also DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The Clerk of Court shall close this case.

SO ORDERED. This 24 day of January 2012.

JAMES C. DEVER III
Chief United States District Judge